NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL SAHAKIAN,

                  Plaintiff-Appellant,

  v.

ORLOFF, Officer; COLE, Officer;
JEFFREY DAVIS, Detective; RICHARD
PESTI,

                  Defendants-Appellees,

 and

CITY OF GLENDALE; CITY OF
GLENDALE POLICE DEPARTMENT;
DOES, 1 through 25, official capacity,

                  Defendants.

No. 20-55702

D.C. No. 2:16-cv-04204-JFW-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 18, 2023[**]

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Michael Sahakian appeal pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and judicial deception in connection with two separate arrests. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment for defendants Orloff and Cole because Sahakian failed to raise a genuine dispute of material fact as to whether these defendants' use of force was unreasonable in light of the facts and circumstances. *See id.* (setting forth objective reasonableness standard for excessive force determinations and explaining that "[o]nly information known to the officer at the time the conduct occurred is relevant").

The district court properly granted summary judgment for defendant Davis because Sahakian failed to raise a genuine dispute of material fact as to whether Davis deliberately or recklessly made false statements or omissions in requesting a warrant for violation of a court order. *See Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) ("To maintain a false arrest claim for judicial deception, a plaintiff must show that the officer who applied for the arrest warrant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." (citation and internal quotation marks omitted)); *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (explaining that a claim of judicial deception

may not be based on omissions or misstatements resulting from negligence, good faith mistakes, or an officer's erroneous assumptions about the evidence he has received).

Sahakian's motion for leave to transmit physical exhibits (Docket Entry No. 40) is granted.

**AFFIRMED.**